1

2

3

4

5

6

7             UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
8

9  JEREMY FOWLER, individually and on        Case No. _____
   behalf of all others similarly situated,

10                        Plaintiff,

11        v.                                  State Court Case No. 24-2-11958-2 SEA

12 PACIFIC MARITIME ASSOCIATION and
   SSA MARINE INC., individually and on
13 behalf of others similarly situated,       NOTICE OF REMOVAL

14                        Defendants.

15

16 TO:    THE CLERK OF THE COURT

17 AND TO: PLAINTIFF JEREMY FOWLER AND HIS COUNSEL OF RECORD

18        **PLEASE TAKE NOTICE** that Defendant Pacific Maritime Association ("PMA")

19 hereby removes the above-captioned action from the Superior Court of the State of Washington

20 for the County of King ("King County Superior Court") to the United States District Court for

21 the Western District of Washington. This Notice of Removal is filed pursuant to 28 U.S.C. §§

22 1332(a), 1332(d), 1441, and 1446 and Western District of Washington Local Civil Rule 101. In

23 support of its removal of this action, PMA states as follows:

24                            **BACKGROUND**

25        1.      On or about May 29, 2024, Plaintiff Jeremy Fowler ("Plaintiff") filed this lawsuit

26 in the King County Superior Court, Case No. 24-2-11958-2 SEA against PMA and SSA Marine

NOTICE OF REMOVAL - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1   Inc. ("SSAM").  A copy of Plaintiff's state court complaint (the "Complaint") is attached hereto

2   as **Exhibit A**. The King County Superior Court issued an Order with the Civil Case Schedule

3   setting the matter for trial on June 2, 2024. **Exhibit B**.

4         2.     Plaintiff's Complaint asserts three causes of action: (1) failure to provide sick

5   leave under RCW 49.46.210; (2) failure to provide paid sick leave under Seattle Municipal Code

6   14.16; and (3) willful withholding of wages in violation of Washington's Wage Rebate Act,

7   RCW 49.52. Claims One and Three are purportedly asserted on behalf of Plaintiff individually

8   and a putative class consisting of "[a]ll hourly-paid non-exempt longshore, clerk, container

9   freight station longshore/clerk utilitymen, walking boss/foreman, and similar positions

10  ("Longshore Workers") employed on PMA member jobsites located in the State of Washington

11  at any time during the three years preceding the filing of this Complaint and thereafter."

12  *Complaint ¶¶* 3.1, 5.2, & 5.9.  Claim Two is asserted on behalf of Plaintiff individually and on

13  behalf of a putative class consisting of "All Longshore Workers employed on PMA member

14  jobsites located within the geographic boundaries of the City of Seattle at any time during the

15  class period." *Complaint ¶¶* 3.1 & 5.5.  Those claims are asserted against PMA, SSAM, and a

16  putative class of defendants consisting of "[a]ll PMA members who employ or have employed

17  one or more members of the Longshore Classes in the City of Seattle and/or the State of

18  Washington (the "Defendant Class") during the class period." *Complaint ¶* 4.2.  As a remedy,

19  Plaintiff seeks, among other things, "[i]nstatement of the paid sick leave balances that should

20  have accrued to Plaintiff and [class members] . . . during the class period," "[d]isgorgement of

21  wages . . . unlawfully retained that should have been paid to [class] members . . . as paid sick

22  leave," statutory damages "equal to double the amounts due to class members," as well as

23  attorneys' fees and costs. *Complaint* §II Prayer for Relief .

24        3.     PMA denies liability on all claims, and further denies that it owes anything by the

25  Complaint, but treats the Complaint's allegations as true for purposes of this Notice of Removal

26  only.

NOTICE OF REMOVAL - 2

1

**REMOVAL OF THIS ACTION IS APPROPRIATE UNDER CAFA**

2        4.       This Court has original jurisdiction of this action under the Class Action Fairness

3   Act ("CAFA"). *See* 28 U.S.C. § 1332(d)(2). CAFA grants federal courts original jurisdiction

4   over, and permits removal of, class actions in which: (1) any member of a class of plaintiffs is a

5   citizen of a state different from any defendant, thus establishing "minimal diversity"; (2) the

6   aggregate number of proposed plaintiffs is 100 or more; (3) the primary defendants are not States,

7   State officials, or other governmental entities; and (4) the aggregate amount in controversy of all

8   of the putative class members' claims exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). As set forth

9   below, this putative class action is removable under CAFA.

10       **A.    Venue Is Appropriate**

11       5.       Venue lies in the United States District Court for the Western District of

12  Washington pursuant to 28 U.S.C. sections 1441, 1446(a), and 128(b). This action originally was

13  brought in the King County Superior Court, which  is located within the Western District of

14  Washington. Therefore, the action is properly removed to this Court because it is the "district

15  and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16       **B.    The Timeliness Of Removal**

17       6.       Plaintiff served PMA with the Summons and Complaint on June 4, 2024 through

18  its registered agent for service of process. Because this Notice of Removal is filed within thirty

19  days after PMA was served, it is timely under 28 U.S.C. § 1446.

20       7.       Pursuant to CAFA, PMA does not need to obtain the consent of any other

21  defendant. *See* 28 U.S.C. § 1453(b). Nonetheless, SSAM has indicated its consent to removal.

22       **C.    The Parties Are Sufficiently Diverse**

23       8.       CAFA requires only minimal diversity for the purpose of establishing federal

24  jurisdiction; at least one purported class member must be a citizen of a state different from any

25  named defendant. 28 U.S.C. § 1332(d)(2)(A). Here, such minimal diversity exists among the

26  parties. Plaintiff, who is a Washington citizen, and PMA, which is a California citizen, are

NOTICE OF REMOVAL - 3

312196482v.1

citizens of different states.

9.     **Plaintiff's Citizenship:** For purposes of determining diversity, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state"). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile."). Domicile for purposes of diversity is determined as of the time the lawsuit is filed. *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986).

10.     Plaintiff alleges that he is a resident of King County in the State of Washington and has worked in Washington for nearly 20 years. *Complaint,* ¶ 1.1. Accordingly, he can be presumed, for removal purposes, to be a citizen of Washington.

11.     **PMA's Citizenship:** For purposes of establishing diversity jurisdiction, a corporation is a "citizen" of every domestic and foreign state in which it is incorporated and of the domestic or foreign state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

12.     Plaintiff correctly alleges that PMA is a California corporation with its principal place of business in California. *Complaint,* ¶ 1.2.

13.     At the time of the filing of this action, and at all relevant times, PMA has been a citizen of a state other than Washington within the meaning of 28 U.S.C. section 1332. Because Plaintiff is a citizen of Washington, and PMA is a citizen of California, the minimal diversity requirement under CAFA is satisfied.

### D.     This Action Involves 100 Or More Putative Class Members

14.     "[U]nder CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 886 (9th Cir. 2013).

15.     Plaintiff purports to bring this case on behalf of a class of "Longshore Workers"

NOTICE OF REMOVAL - 4

312196482v.1

employed at PMA member jobsites in Washington from May 29, 2021 forward. *Complaint,* ¶ 3.1. Plaintiff defines "Longshore Workers" as " hourly-paid non-exempt longshore, clerk, container freight station longshore/clerk utilitymen, walking boss/foreman, and similar positions."

16. Plaintiff alleges that the class includes more than 100 members. *Complaint,* ¶3.3.

17. Therefore, based on Plaintiff's allegations alone, the number of putative class members exceeds 100 persons, as required by 28 U.S.C. section 1332(d)(5)(B).

18. In addition to Plaintiff's allegations, PMA's records indicate that more than 4,000 hourly-paid non-exempt dockworkers in the longshore, clerk, and walking boss/foreman categories were paid for work at PMA member jobsites in Washington during the alleged class period. Thus, the number of putative class members exceeds CAFA's 100-person threshold.

**E.    The Amount In Controversy Meets The CAFA Threshold**

19. CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005). As recently noted by the Ninth Circuit Court of Appeals, the Supreme Court has made clear that "no antiremoval presumption attends cases invoking CAFA." *Arias v. Residence Inn by Marriot,* 936 F.3d 920, 922 (9th Cir. 2019). Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case…Overall, new section 1332(d) is intended to expand substantially

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

20.     While PMA specifically denies liability as to all of Plaintiff's claims, and specifically denies the appropriateness of the case proceeding as a class action, it has a reasonable, good faith belief that the amount in controversy, as alleged and pled by Plaintiff, exceeds $5,000,000. All calculations in support of the amount in controversy analysis are based on the allegations in Plaintiff's Complaint and are not intended as an admission that any of those allegations have merit.

21.     Where, as here, damages are not specified in the state court complaint, the defendant's notice of removal "need not contain evidentiary submissions," but "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee,* 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). Because Plaintiff has not alleged his particular damages, reasonable estimates of the alleged amount in controversy are appropriate. *Arias,* 936 F.3d at 925 ("a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions'"; for example, an assumption "may be reasonable if it is founded on the allegations of the complaint"), *quoting Ibarra v. Manheim Inv.'s, Inc.,* 775 F.3d 1193, 1198 (9th Cir. 2015).

22.     In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorneys' fees. *Arias,* 936 F.3d at 927 (confirming "attorneys' fees awarded under fee-shifting statutes … are included in the amount in controversy"), *quoting Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F. 3d 785, 794 (9th Cir. 2018); *see also Longmire v. HMS Host USA, Inc.,* 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA."); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (finding that claims for statutory attorneys'

1  fees should be included in amount in controversy, regardless of whether award is discretionary or

2  mandatory).

3       23.      The burden of establishing the jurisdictional threshold "is not daunting, as courts

4  recognize that under this standard, a removing defendant is not obligated to research, state, and

5  prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

6  1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); see also *Valdez v. Allstate Ins. Co.*,

7  372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual

8  award with one hundred percent accuracy.").

9       24.      The amount in controversy is determined at the time of removal and is to be

10  decided based on the allegations in the operative pleading. *Medrano v. Genco Supply Chain*

11  *Solutions*, 2011 WL 92016, at *11 (E.D. Cal. 2011) (holding that, for purposes of removal, a

12  court "must deal with what has actually been pled").

13       25.      The alleged amount in controversy in this action, in the aggregate, exceeds

14  $5,000,000. The Complaint alleges that the Plaintiff and putative class members are entitled to

15  the "instatement of paid sick leave balances that should have accrued during the class period."

16  *Complaint* § 5.2. Under RCW 49.46.210(a), covered workers accrue one hour of paid sick leave

17  for every 40 hours worked. According to payroll data maintained by PMA, since May 29, 2021,

18  putative class members who worked a minimum of 40 hours in Washington were paid for

19  approximately 14,189,937 hours of work, in the aggregate, performed at locations in Washington

20  for PMA member companies. Under Plaintiff's theory, class members should have accrued one

21  hour of paid sick leave under RCW 49.46.210(a) for every 40 hours of work. Thus, according to

22  Plaintiff, putative class members should have accrued approximately 354,748 hours of paid sick

23  leave.

24       26.      Under RCW 49.46.200, sick leave must be paid "at the greater of the newly

25  increased minimum wage or the employee's regular and normal wage." Since May 29, 2021,

26  Washington's minimum wage has never exceeded $16.28 per hour. Based on the collective-

NOTICE OF REMOVAL - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

312196482v.1

1   bargaining agreements covering putative class members' wages, the lowest hourly rate paid to

2   any potential class member since May 29, 2021 was $32.31. Multiplying the approximate

3   accrued paid sick leave hours in dispute by the lowest hourly rate, the value of paid sick leave in

4   dispute is at least ***$11,461,921***, which exceeds the $5,000,000 threshold for CAFA jurisdiction.

5   27.   **Penalties:** The Complaint further alleges that the Plaintiff and the putative class

6   members are entitled to "statutory damages . . . equal to double the amounts due to class

7   members, pursuant to . . . RCW 49.52.070." *Complaint*, Prayer for Relief, at e. Doubling the

8   value of the paid sick leave in dispute, the value of paid sick leave and penalties in dispute is at

9   least ***$22,923,842***, which exceeds the $5,000,000 threshold for CAFA jurisdiction.

10   28.   **Attorneys' Fees:** The Complaint also alleges that Plaintiff and putative class

11   members are entitled to recover attorneys' fees. *Complaint*, Prayer for Relief at g. A reasonable

12   estimate of fees likely to be recovered may be used in calculating the amount in controversy.

13   *Arias,* 936 F.3d at 927 (9th Cir. 2019) (confirming "attorneys' fees awarded under fee-shifting

14   statutes … are included in the amount in controversy"), *quoting Fritsch,* 899 F. 3d at 794; *see*

15   *also Galt G/S, supra,* 142 F.3d at 1156 ("Where an underlying statute authorizes an award of

16   attorneys' fees, either with mandatory or discretionary language, such fees may be included in

17   the amount in controversy").

18   29.   "When including attorneys' fees within the amount-in-controversy for

19   jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate." *Johnson*

20   *Tractor Supply Co.,* No. 19-cv-0270, 2019 WL 2004436, at *4 (W.D. Wash. May 7, 2019)

21   quoting *Garcia v. Lifetime Brands, Inc.,* 2016 WL 81473 , at *4 (C.D. Cal. Jan. 7, 2016); *see*

22   *also Wren v. RGIS Inventory Specialists,* 2011 U.S. Dist. LEXIS 38667 at **78-84 (N.D. Cal.

23   Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and

24   found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement

25   payment was appropriate and reasonable in the case).

26   30.   Adding 25% to the value of paid sick leave and penalties in dispute, the value of

NOTICE OF REMOVAL - 8

312196482v.1

1 | paid sick leave, penalties, and attorneys' fees in dispute is at least ***$28,654,802***, which exceeds
2 | the $5,000,000 threshold for CAFA jurisdiction.

3 |     31.    Thus, although PMA denies Plaintiff's allegations that he or any putative class
4 | member is entitled to the relief sought in the Complaint, the total amount in controversy exceeds
5 | the $5,000,000 threshold set forth in 28 U.S.C. section 1332(d)(2).

6 | **<u>PLEADINGS FILED</u>**

7 |     32.    A true and correct copy of this Notice of Removal will be promptly served on
8 | Plaintiff and filed with the Clerk of the King County Superior Court, as required under 28 U.S.C.
9 | § 1446(d).

10 |     33.    In compliance with 28 U.S.C. section 1446(a), Defendant has attached a copy of
11 | the state court papers served herein as **Exhibit C**.

12 |     34.    By filing this Notice of Removal, Defendant does not waive any defenses
13 | available at law, in equity, or otherwise.

14 | **<u>PRAYER FOR REMOVAL</u>**

15 |     35.    Because diversity of citizenship exists, and the amount in controversy exceeds
16 | $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section
17 | 1332(d)(2).

18 |     WHEREFORE, PMA prays that the above-titled action be removed from the King
19 | County Superior Court to the United States District Court for the Western District of Washington.

20 |

21 | //

22 |

23 | //

24 |

25 | ///

26 |

NOTICE OF REMOVAL - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

1    DATED: July 2, 2024                    Respectfully submitted,

2

3                                           SEYFARTH SHAW LLP

4                                           By: */s/ Joe Wonderly*

5                                               Andrew R. Escobar, WSBA No. 42793
                                                Joe Wonderly, WSBA No. 51925
6                                               999 Third Avenue, Suite 4700
                                                Seattle, Washington 98104-4041
7                                               Phone: (206) 946-4910
                                                Email: aescobar@seyfarth.com
8                                                      jwonderly@seyfarth.com

9                                           *Counsel for Pacific Maritime Association*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 10

312196482v.1

1

2

## CERTIFICATE OF SERVICE

3      I hereby declare that on this 2nd day of July, 2024, I caused a copy of ***Defendant's***

4 ***Notice of Removal*** to be electronically filed with the Court which will send notification of such

5 filing to the following:

6

7      Lindsay L. Halm
       Hong (Chen-Chen) Jiang
8      Adam J. Berger
       SCHROETER GOLDMARK & BENDER
9      401 Union Street, Suite 3400
       Seattle, WA 98101
10     T: (206) 622-8000
       halm@sgb-law.com
11     jiang@sgb-law.com
       berger@sgb-law.com
12

13

14                              *s/Mendy Graves*
                                Mendy Graves, Legal Secretary
15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

312196482v.1

EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JEREMY FOWLER, individually and on behalf of others similarly situated, | No. |
| Plaintiffs, | CLASS ACTION COMPLAINT |
| v. | |
| PACIFIC MARITIME ASSOCIATION and SSA MARINE INC., individually and on behalf of others similarly situated; | |
| Defendants. | |

## I.    INTRODUCTION

Washington state and municipal law requires employers to provide paid sick leave to employees. Despite these requirements, Defendants Pacific Maritime Association ("PMA") and SSA Marine, Inc. ("SSA Marine"), as well as other similarly situated entities, failed to do so. Plaintiff Jeremy Fowler brings this case, individually, and on behalf of other similarly situated workers, against Defendants for violations of Washington's Paid Sick Leave law, RCW 49.46.210, Seattle's Paid Sick and Safe Time Ordinance, SMC 14.16 ("PSST"), and Washington's Wage Rebate Act, RCW 49.52, *et seq*.

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

## II.    PARTIES AND JURISDICTION

1.1     Plaintiff Jeremy Fowler is an individual residing in King County, Washington. Mr. Fowler has been employed as a longshore worker in Washington state for nearly 20 years.

1.2     Defendant PMA is a California corporation with its principal place of business in San Francisco, California. PMA does business in Washington, including in King County.

1.3      PMA is an "employer" within the meaning of RCW 49.46.010 and SMC 14.16.010.

1.4     Defendant SSA Marine is a Washington corporation with its principal place of business in Seattle, Washington. SSA Marine operates marine terminals throughout the State, including in the cities of Longview, Kalama, Aberdeen, Olympia, Tacoma, Seattle, Everett, and Port Angeles.

1.5     SSA Marine is an "employer" within the meaning of RCW 49.46.010 and SMC 14.16.010.

1.6     Jurisdiction is proper over Defendants as Defendants transact business in King County, Washington.

1.7     Venue is proper under RCW 4.12.020(3) because some of the events giving rise to this action occurred in King County, Washington and under RCW 4.12.025(1) because Defendants have done and continue to do business in King County, Washington.

## III.    FACTS

2.1     Defendant Pacific Maritime Association (PMA) is a multi-employer association of steamship lines, stevedoring companies, and marine terminal operators on the West Coast of the United States.

CLASS ACTION COMPLAINT - 2

2.2     PMA and certain of its members, including Defendant SSA Marine, do business in the State of Washington, including within the geographic boundaries of the City of Seattle.

2.3     Among other services provided to its members, PMA coordinates the hiring and dispatch of labor, payroll and benefits administration, and safety training of employees who work on PMA member jobsites.

2.4     PMA also serves as the members' agent and representative in negotiations with the International Longshore and Warehouse Union (ILWU or "the Union") over wages and working conditions for hourly-paid non-exempt positions, including: longshore, clerk, container freight station longshore/clerk utilitymen, walking boss/foreman, and similar positions ("Longshore Workers") who work on PMA member jobsites.

2.5     PMA jointly employed Mr. Fowler and Longshore Workers.

2.6     During the class period, PMA assigned Mr. Fowler and other Longshore Workers to PMA member jobsites in Washington from "dispatching halls" it jointly operates with the Union.

2.7     In a given year, Mr. Fowler may be dispatched to work on a half-dozen or more different jobsites.

2.8     During the class period, a significant portion of Mr. Fowler's hours were logged working at SSA Marine jobsites located within the geographic boundaries of the City of Seattle.

2.9     PMA prepared payroll and issued payment to Mr. Fowler and Longshore Workers for labor performed at member jobsites, including SSA Marine.

CLASS ACTION COMPLAINT - 3

2.10 At no time during the class period did Mr. Fowler's pay stubs show any balance of accrued sick leave, despite him being regularly engaged in full-time work.

2.11 At no time during the class period did Mr. Fowler have the benefit or use of paid sick leave. As a result, Mr. Fowler either worked sick when he should have had the benefit of staying home, or stayed home and went without pay when he was sick or had a doctor's appointment.

2.12 Defendants failed to provide paid sick leave; failed to calculate sick leave accruals based on hours worked; and failed to provide Mr. Fowler and Longshore Workers with notice of rights under state law and/or the PSST, including but not limited to notice regarding the amount of paid sick leave available, the right to be protected from retaliation, the rate of accrual, the purposes for which paid sick leave may be used, and the procedure for requesting such leave.

2.13 By failing to comply with State and municipal sick leave laws, Defendants acted willfully and with the intent to deprive Longshore Workers of their wages.

## IV. PLAINTIFF CLASS ALLEGATIONS

3.1 Plaintiff Jeremy Fowler files this lawsuit on behalf of himself and similarly situated employees and former employees, defined as follows:

**Longshore Class**. All hourly-paid non-exempt longshore, clerk, container freight station longshore/clerk utilitymen, walking boss/foreman, and similar positions ("Longshore Workers") employed on PMA member jobsites located in the State of Washinton at any time during the three years preceding the filing of this Complaint and thereafter (the "class period").

**Longshore (Seattle) Subclass**. All Longshore Workers employed on PMA member jobsites located within the geographic boundaries of the City of Seattle at any time during the class period.

CLASS ACTION COMPLAINT - 4

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

3.2     Such Class and Subclass (together, the "Longshore Classes") are subject to certification under Civil Rules (CR) 23(a), 23(b)(2), and 23(b)(3).

3.3     **Numerosity**: The Longshore Classes are so numerous that joinder of all individual members is impracticable, as required by CR 23(a)(1). On information and belief, both the Class and Subclass number over 100 workers.

3.4     **Commonality and Predominance**: There are questions of law and fact common to the Longshore Classes that predominate over questions that affect individual members. These include, but are not limited to: whether Defendants must comply with state and/or municipal sick leave laws; whether Defendants in fact complied with state and/or municipal sick leave laws; whether Defendants kept true and accurate records of all sick leave accrued by class members; whether PMA is a joint employer; whether Defendants provided notice to class members of their right to paid sick leave; and whether Defendants acted willfully and with intent to deprive class members of their wages.

3.5     **Typicality**: Plaintiff's claims are typical of the Longshore Classes because they arise out of and are caused by Defendants' common course of conduct.

3.6     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Longshore Classes. He shares the same interests as all members of the class and has retained competent counsel experienced in class action litigation.

3.7     **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class action treatment will allow similarly situated workers to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Class litigation will also obviate the need for unduly

CLASS ACTION COMPLAINT - 5

duplicative litigation that might result in inconsistent judgments about Defendants' practices. Finally, the harm suffered by each individual Longshore Workers is likely relatively small compared to the burden and expense of prosecuting individual actions. Absent a class action, it would be difficult, if not impossible, for such workers to obtain effective relief.

3.8    **Injunctive Relief**: Defendants have acted or refused to act on grounds generally applicable to the Longshore Classes, including by uniformly failing to provide and accrue paid sick leave in violation of state and local laws, as well as failing to provide notice of paid sick leave rights, such that final injunctive relief is appropriate.

## V.    DEFENDANT CLASS ALLEGATIONS

4.1    On information and belief, the allegations described above with respect to the named Defendants' failure to provide paid sick leave to the Longshore Classes apply with equal force to the other PMA members operating in the City of Seattle and/or the State of Washington.

4.2    As a result, Plaintiff seeks to certify a class of defendants as follows:

**Defendant Class.** All PMA members who employ or have employed one or more members of the Longshore Classes in the City of Seattle and/or the State of Washington (the "Defendant Class") during the class period.

4.3    On information and belief, the Defendant Class is comprised of at least 20 PMA members.

4.4    Defendant PMA should be appointed to represent the interests of the Defendant Class because, as described above, it already represents the interests of its members with respect to the wages and working conditions of Longshore Workers and it prepares payroll and issues payment to such workers, based on a common policy and practice.

CLASS ACTION COMPLAINT - 6

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

4.5     Defendant SSA Marine should also be appointed to represent the interest of the Defendant Class because it is one of PMA's members, it operates terminals throughout Washington, and because it is a significant employer of Mr. Fowler and members of the Longshore Class and Longshore (Seattle) Subclass.

4.6     The claims against the Defendant Class are properly maintained as a class action under Civil Rules 23(a), 23(b)(1), and 23(b)(3).

4.7     **Numerosity**: The Defendant Class described above is so numerous that joinder of all individual members is impracticable, as required by CR 23(a)(1).

4.8     **Commonality and Predominance**: There are questions of law and fact common to the Defendant Class that predominate over any questions that may affect individual members. These include, but are not limited to: whether the Defendant Class must comply with state and/or municipal sick leave laws; whether the Defendant Class in fact complied with state and/or municipal sick leave laws; whether the Defendant Class kept true and accurate records of all sick leave accrued by class members; whether Defendant Class is a joint employer of members of the Longshore Classes; whether Defendant Class provided notice to members of the Longshore Classes of their right to paid sick leave; and whether the Defendant Class acted willfully and with intent to deprive workers of their wages**.**

4.9     **Typicality**: The claims of the Longshore Classes against PMA and SSA Marine and their anticipated defenses thereto are typical of the claims and defenses of the unnamed PMA members. Like PMA and SSA Marine, each of the unnamed PMA members of the Defendant Class employed Longshore Workers and failed to provide those workers with the benefit of paid sick leave. The class claims for injunctive relief and damages are the same as the Longshore Classes' claims against each unnamed member of the Defendant Class.

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

The nature of the defenses that may be asserted by PMA and SSA Marine also would be the same, as liability for the failure to provide sick leave or safe time does not depend on the individual circumstances of particular terminal operators.

4.10    **Adequacy of Representation**: PMA and SSA Marine are adequate and appropriate representatives of the Defendant Class by virtue of their own defenses to the same claims. Because PMA and SSA Marine have at least as much incentive to vigorously defend against the claims as any unnamed member, PMA and SSA Marine and their counsel will fairly and adequately protect and represent the interests of the Defendant Class.

4.11    **Superiority**: Pursuing separate actions against each individual PMA member would be inefficient, costly for the parties, a waste of judicial resources, and would create a risk of inconsistent judgments with respect to individual members of both the Plaintiff and Defendant Classes. Moreover, an adjudication with respect to individual members of the Defendant Class would, as a practical matter, be dispositive of the interests of the unnamed members by establishing their liability for providing sick leave in compliance with state and municipal law. Class action treatment will allow Plaintiff's claims to proceed without wrangling dozens of unnamed members into duplicative lawsuits involving identical claims.

4.12    **Injunctive Relief**: PMA, SSA Marine, and PMA's other member companies have acted or refused to act on grounds generally applicable to the Longshore Workers, including by uniformly failing to provide and accrue paid sick leave in violation of state and local laws, as well as failing to provide notice of paid sick leave rights, such that final injunctive relief applicable to the entire Defendant Class is appropriate.

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### RCW 49.46.210

5.1     Plaintiff restates and realleges the allegations set forth above.

5.2     Defendants' failure to provide paid sick leave to members of the Longshore Class constitutes a violation of RCW 49.46.210. Plaintiff seeks final declaratory and injunctive relief for such violations against Defendants and the Defendant Class, including but not limited to instatement of the paid sick leave balances that should have accrued during the class period.

5.3     Plaintiff and members of the Longshore Class also have suffered financial damages and lost wages as a result of Defendants' and the Defendant Class's acts and omissions, in amounts as will be proven at trial.

### SECOND CAUSE OF ACTION
#### Seattle Municipal Code 14.16

5.4     Plaintiff restates and realleges the allegations set forth above.

5.5     Defendants' failure to provide additional paid sick leave accruals to all members of the Longshore Seattle Subclass who performed work within the geographic boundaries of the City of Seattle constitutes a violation of SMC 14.16. Plaintiff seeks final declaratory and injunctive relief for such violations against Defendants and the Defendant Class, including but not limited to instatement of the paid sick leave balances that should have accrued during the class period.

5.6     Plaintiff and members of the Longshore Seattle Subclass also have suffered financial damages and lost wages as a result of Defendants' and the Defendant Class's acts and omissions, in amounts as will be proven at trial.

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

### THIRD CAUSE OF ACTION
**Wage Rebate Act, RCW 49.52**

5.7    Plaintiff restates and realleges the allegations set forth above.

5.8    By the foregoing, Defendants' actions constitute willful withholding of wages in violation of RCW 49.52.050 and .070.

5.9    As a result of Defendants' acts and omissions, Defendants and the Defendant Class are liable to members of the Longshore Classes for twice the amount of wages withheld in amounts as will be proven at trial.

## II.    PRAYER FOR RELIEF

For himself and on behalf of all persons similarly situated, Plaintiff Jeremy Fowler prays for the following relief:

a.  Certification of the Longshore Class, Longshore (Seattle) Subclass, and Defendant Class pursuant to CR 23.

b.  Injunctive and declaratory relief as follows:

    i.    An injunction declaring Defendants and the Defendant Class violated RCW 49.26.210, SMC 14.16, and RCW 49.52.050 by failing to accrue and provide paid sick leave;

    ii.   An injunction that requires Defendants and the Defendant Class to adopt a paid sick leave policy that complies with state and municipal law;

    iii.  An injunction that requires Defendants and the Defendant Class to provide paid sick leave in compliance with state and municipal law;

    iv.   An injunction that requires Defendants and the Defendant Class to comply with the notice and posting requirements of state and municipal law;

    v.    Instatement of the paid sick leave balances that should have accrued to Plaintiff and members of the Longshore Classes during the class period.

c.  Actual damages;

CLASS ACTION COMPLAINT - 10

d.   Disgorgement of wages Defendants and the Defendant Class unlawfully retained that should have been paid to members of the Longshore Classes as paid sick leave;

e.   Statutory damages, including exemplary and/or liquidated damages, equal to double the amounts due to class members, pursuant to SMC 14.16.110(A) and RCW 49.52.070;

f.   Prejudgment interest;

g.   Attorneys' fees and costs;

h.   Such other relief as the Court deems just and proper.

DATED this 29th day of May, 2024.

SCHROETER GOLDMARK & BENDER

_____
LINDSAY L. HALM, WSBA #37141
HONG (CHEN-CHEN) JIANG, WSBA #51914
ADAM J. BERGER, WSBA #20714

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT - 11

EXHIBIT B

FILED
2024 MAY 29 12:25 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-11958-2 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| Jeremy Fowler | No. 24-2-11958-2  SEA |
| VS | **ORDER SETTING CIVIL CASE SCHEDULE** |
| Pacific Maritime Association | **ASSIGNED JUDGE: Nicholas B Straley, Dept. 04**<br>FILED DATE: 05/29/2024<br>TRIAL DATE:06/02/2025 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I.  NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.***  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion.  The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

 **King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 05/29/2024 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 11/06/2024 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 11/06/2024 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 11/20/2024 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 12/30/2024 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 02/10/2025 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 02/24/2025 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 02/24/2025 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 04/14/2025 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 05/05/2025 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 05/12/2025 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 05/12/2025 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 05/19/2025 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 05/27/2025 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 05/27/2025 |
| | Trial Date [*See KCLCR 40*]. | 06/02/2025 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:    05/29/2024

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**  Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.

Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE

EXHIBIT C

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JEREMY FOWLER, individually and on behalf of others similarly situated, | No. |
| Plaintiffs, | CLASS ACTION COMPLAINT |
| v. | |
| PACIFIC MARITIME ASSOCIATION and SSA MARINE INC., individually and on behalf of others similarly situated; | |
| Defendants. | |

## I.   INTRODUCTION

Washington state and municipal law requires employers to provide paid sick leave to employees. Despite these requirements, Defendants Pacific Maritime Association ("PMA") and SSA Marine, Inc. ("SSA Marine"), as well as other similarly situated entities, failed to do so. Plaintiff Jeremy Fowler brings this case, individually, and on behalf of other similarly situated workers, against Defendants for violations of Washington's Paid Sick Leave law, RCW 49.46.210, Seattle's Paid Sick and Safe Time Ordinance, SMC 14.16 ("PSST"), and Washington's Wage Rebate Act, RCW 49.52, *et seq*.

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

## II.   PARTIES AND JURISDICTION

1.1     Plaintiff Jeremy Fowler is an individual residing in King County, Washington. Mr. Fowler has been employed as a longshore worker in Washington state for nearly 20 years.

1.2     Defendant PMA is a California corporation with its principal place of business in San Francisco, California. PMA does business in Washington, including in King County.

1.3     PMA is an "employer" within the meaning of RCW 49.46.010 and SMC 14.16.010.

1.4     Defendant SSA Marine is a Washington corporation with its principal place of business in Seattle, Washington. SSA Marine operates marine terminals throughout the State, including in the cities of Longview, Kalama, Aberdeen, Olympia, Tacoma, Seattle, Everett, and Port Angeles.

1.5     SSA Marine is an "employer" within the meaning of RCW 49.46.010 and SMC 14.16.010.

1.6     Jurisdiction is proper over Defendants as Defendants transact business in King County, Washington.

1.7     Venue is proper under RCW 4.12.020(3) because some of the events giving rise to this action occurred in King County, Washington and under RCW 4.12.025(1) because Defendants have done and continue to do business in King County, Washington.

## III.   FACTS

2.1     Defendant Pacific Maritime Association (PMA) is a multi-employer association of steamship lines, stevedoring companies, and marine terminal operators on the West Coast of the United States.

CLASS ACTION COMPLAINT - 2

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

2.2    PMA and certain of its members, including Defendant SSA Marine, do business in the State of Washington, including within the geographic boundaries of the City of Seattle.

2.3    Among other services provided to its members, PMA coordinates the hiring and dispatch of labor, payroll and benefits administration, and safety training of employees who work on PMA member jobsites.

2.4    PMA also serves as the members' agent and representative in negotiations with the International Longshore and Warehouse Union (ILWU or "the Union") over wages and working conditions for hourly-paid non-exempt positions, including: longshore, clerk, container freight station longshore/clerk utilitymen, walking boss/foreman, and similar positions ("Longshore Workers") who work on PMA member jobsites.

2.5    PMA jointly employed Mr. Fowler and Longshore Workers.

2.6    During the class period, PMA assigned Mr. Fowler and other Longshore Workers to PMA member jobsites in Washington from "dispatching halls" it jointly operates with the Union.

2.7    In a given year, Mr. Fowler may be dispatched to work on a half-dozen or more different jobsites.

2.8    During the class period, a significant portion of Mr. Fowler's hours were logged working at SSA Marine jobsites located within the geographic boundaries of the City of Seattle.

2.9    PMA prepared payroll and issued payment to Mr. Fowler and Longshore Workers for labor performed at member jobsites, including SSA Marine.

CLASS ACTION COMPLAINT - 3

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

2.10    At no time during the class period did Mr. Fowler's pay stubs show any balance of accrued sick leave, despite him being regularly engaged in full-time work.

2.11    At no time during the class period did Mr. Fowler have the benefit or use of paid sick leave. As a result, Mr. Fowler either worked sick when he should have had the benefit of staying home, or stayed home and went without pay when he was sick or had a doctor's appointment.

2.12    Defendants failed to provide paid sick leave; failed to calculate sick leave accruals based on hours worked; and failed to provide Mr. Fowler and Longshore Workers with notice of rights under state law and/or the PSST, including but not limited to notice regarding the amount of paid sick leave available, the right to be protected from retaliation, the rate of accrual, the purposes for which paid sick leave may be used, and the procedure for requesting such leave.

2.13    By failing to comply with State and municipal sick leave laws, Defendants acted willfully and with the intent to deprive Longshore Workers of their wages.

## IV.    PLAINTIFF CLASS ALLEGATIONS

3.1    Plaintiff Jeremy Fowler files this lawsuit on behalf of himself and similarly situated employees and former employees, defined as follows:

**Longshore Class**. All hourly-paid non-exempt longshore, clerk, container freight station longshore/clerk utilitymen, walking boss/foreman, and similar positions ("Longshore Workers") employed on PMA member jobsites located in the State of Washinton at any time during the three years preceding the filing of this Complaint and thereafter (the "class period").

**Longshore (Seattle) Subclass**. All Longshore Workers employed on PMA member jobsites located within the geographic boundaries of the City of Seattle at any time during the class period.

CLASS ACTION COMPLAINT - 4

3.2     Such Class and Subclass (together, the "Longshore Classes") are subject to certification under Civil Rules (CR) 23(a), 23(b)(2), and 23(b)(3).

3.3     **Numerosity**: The Longshore Classes are so numerous that joinder of all individual members is impracticable, as required by CR 23(a)(1). On information and belief, both the Class and Subclass number over 100 workers.

3.4     **Commonality and Predominance**: There are questions of law and fact common to the Longshore Classes that predominate over questions that affect individual members. These include, but are not limited to: whether Defendants must comply with state and/or municipal sick leave laws; whether Defendants in fact complied with state and/or municipal sick leave laws; whether Defendants kept true and accurate records of all sick leave accrued by class members; whether PMA is a joint employer; whether Defendants provided notice to class members of their right to paid sick leave; and whether Defendants acted willfully and with intent to deprive class members of their wages.

3.5     **Typicality**: Plaintiff's claims are typical of the Longshore Classes because they arise out of and are caused by Defendants' common course of conduct.

3.6     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Longshore Classes. He shares the same interests as all members of the class and has retained competent counsel experienced in class action litigation.

3.7     **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class action treatment will allow similarly situated workers to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Class litigation will also obviate the need for unduly

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

duplicative litigation that might result in inconsistent judgments about Defendants' practices. Finally, the harm suffered by each individual Longshore Workers is likely relatively small compared to the burden and expense of prosecuting individual actions. Absent a class action, it would be difficult, if not impossible, for such workers to obtain effective relief.

3.8     **Injunctive Relief**: Defendants have acted or refused to act on grounds generally applicable to the Longshore Classes, including by uniformly failing to provide and accrue paid sick leave in violation of state and local laws, as well as failing to provide notice of paid sick leave rights, such that final injunctive relief is appropriate.

## V.     DEFENDANT CLASS ALLEGATIONS

4.1     On information and belief, the allegations described above with respect to the named Defendants' failure to provide paid sick leave to the Longshore Classes apply with equal force to the other PMA members operating in the City of Seattle and/or the State of Washington.

4.2     As a result, Plaintiff seeks to certify a class of defendants as follows:

**Defendant Class.** All PMA members who employ or have employed one or more members of the Longshore Classes in the City of Seattle and/or the State of Washington (the "Defendant Class") during the class period.

4.3     On information and belief, the Defendant Class is comprised of at least 20 PMA members.

4.4     Defendant PMA should be appointed to represent the interests of the Defendant Class because, as described above, it already represents the interests of its members with respect to the wages and working conditions of Longshore Workers and it prepares payroll and issues payment to such workers, based on a common policy and practice.

CLASS ACTION COMPLAINT - 6

4.5     Defendant SSA Marine should also be appointed to represent the interest of the Defendant Class because it is one of PMA's members, it operates terminals throughout Washington, and because it is a significant employer of Mr. Fowler and members of the Longshore Class and Longshore (Seattle) Subclass.

4.6     The claims against the Defendant Class are properly maintained as a class action under Civil Rules 23(a), 23(b)(1), and 23(b)(3).

4.7     **Numerosity**: The Defendant Class described above is so numerous that joinder of all individual members is impracticable, as required by CR 23(a)(1).

4.8     **Commonality and Predominance**: There are questions of law and fact common to the Defendant Class that predominate over any questions that may affect individual members. These include, but are not limited to: whether the Defendant Class must comply with state and/or municipal sick leave laws; whether the Defendant Class in fact complied with state and/or municipal sick leave laws; whether the Defendant Class kept true and accurate records of all sick leave accrued by class members; whether Defendant Class is a joint employer of members of the Longshore Classes; whether Defendant Class provided notice to members of the Longshore Classes of their right to paid sick leave; and whether the Defendant Class acted willfully and with intent to deprive workers of their wages.

4.9     **Typicality**: The claims of the Longshore Classes against PMA and SSA Marine and their anticipated defenses thereto are typical of the claims and defenses of the unnamed PMA members. Like PMA and SSA Marine, each of the unnamed PMA members of the Defendant Class employed Longshore Workers and failed to provide those workers with the benefit of paid sick leave. The class claims for injunctive relief and damages are the same as the Longshore Classes' claims against each unnamed member of the Defendant Class.

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

The nature of the defenses that may be asserted by PMA and SSA Marine also would be the same, as liability for the failure to provide sick leave or safe time does not depend on the individual circumstances of particular terminal operators.

4.10 **Adequacy of Representation**: PMA and SSA Marine are adequate and appropriate representatives of the Defendant Class by virtue of their own defenses to the same claims. Because PMA and SSA Marine have at least as much incentive to vigorously defend against the claims as any unnamed member, PMA and SSA Marine and their counsel will fairly and adequately protect and represent the interests of the Defendant Class.

4.11 **Superiority**: Pursuing separate actions against each individual PMA member would be inefficient, costly for the parties, a waste of judicial resources, and would create a risk of inconsistent judgments with respect to individual members of both the Plaintiff and Defendant Classes. Moreover, an adjudication with respect to individual members of the Defendant Class would, as a practical matter, be dispositive of the interests of the unnamed members by establishing their liability for providing sick leave in compliance with state and municipal law. Class action treatment will allow Plaintiff's claims to proceed without wrangling dozens of unnamed members into duplicative lawsuits involving identical claims.

4.12 **Injunctive Relief**: PMA, SSA Marine, and PMA's other member companies have acted or refused to act on grounds generally applicable to the Longshore Workers, including by uniformly failing to provide and accrue paid sick leave in violation of state and local laws, as well as failing to provide notice of paid sick leave rights, such that final injunctive relief applicable to the entire Defendant Class is appropriate.

CLASS ACTION COMPLAINT - 8

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### RCW 49.46.210

5.1     Plaintiff restates and realleges the allegations set forth above.

5.2     Defendants' failure to provide paid sick leave to members of the Longshore Class constitutes a violation of RCW 49.46.210. Plaintiff seeks final declaratory and injunctive relief for such violations against Defendants and the Defendant Class, including but not limited to instatement of the paid sick leave balances that should have accrued during the class period.

5.3     Plaintiff and members of the Longshore Class also have suffered financial damages and lost wages as a result of Defendants' and the Defendant Class's acts and omissions, in amounts as will be proven at trial.

### SECOND CAUSE OF ACTION
#### Seattle Municipal Code 14.16

5.4     Plaintiff restates and realleges the allegations set forth above.

5.5     Defendants' failure to provide additional paid sick leave accruals to all members of the Longshore Seattle Subclass who performed work within the geographic boundaries of the City of Seattle constitutes a violation of SMC 14.16. Plaintiff seeks final declaratory and injunctive relief for such violations against Defendants and the Defendant Class, including but not limited to instatement of the paid sick leave balances that should have accrued during the class period.

5.6     Plaintiff and members of the Longshore Seattle Subclass also have suffered financial damages and lost wages as a result of Defendants' and the Defendant Class's acts and omissions, in amounts as will be proven at trial.

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

**THIRD CAUSE OF ACTION**
**Wage Rebate Act, RCW 49.52**

5.7    Plaintiff restates and realleges the allegations set forth above.

5.8    By the foregoing, Defendants' actions constitute willful withholding of wages in violation of RCW 49.52.050 and .070.

5.9    As a result of Defendants' acts and omissions, Defendants and the Defendant Class are liable to members of the Longshore Classes for twice the amount of wages withheld in amounts as will be proven at trial.

## II.    PRAYER FOR RELIEF

For himself and on behalf of all persons similarly situated, Plaintiff Jeremy Fowler prays for the following relief:

a.  Certification of the Longshore Class, Longshore (Seattle) Subclass, and Defendant Class pursuant to CR 23.

b.  Injunctive and declaratory relief as follows:

    i.   An injunction declaring Defendants and the Defendant Class violated RCW 49.26.210, SMC 14.16, and RCW 49.52.050 by failing to accrue and provide paid sick leave;

    ii.  An injunction that requires Defendants and the Defendant Class to adopt a paid sick leave policy that complies with state and municipal law;

    iii. An injunction that requires Defendants and the Defendant Class to provide paid sick leave in compliance with state and municipal law;

    iv.  An injunction that requires Defendants and the Defendant Class to comply with the notice and posting requirements of state and municipal law;

    v.   Instatement of the paid sick leave balances that should have accrued to Plaintiff and members of the Longshore Classes during the class period.

c.  Actual damages;

CLASS ACTION COMPLAINT - 10

d.   Disgorgement of wages Defendants and the Defendant Class unlawfully retained that should have been paid to members of the Longshore Classes as paid sick leave;

e.   Statutory damages, including exemplary and/or liquidated damages, equal to double the amounts due to class members, pursuant to SMC 14.16.110(A) and RCW 49.52.070;

f.   Prejudgment interest;

g.   Attorneys' fees and costs;

h.   Such other relief as the Court deems just and proper.

DATED this 29th day of May, 2024.

SCHROETER GOLDMARK & BENDER

_____
LINDSAY L. HALM, WSBA #37141
HONG (CHEN-CHEN) JIANG, WSBA #51914
ADAM J. BERGER, WSBA #20714

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT - 11

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

FILED
2024 MAY 29 12:25 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-11958-2 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| Jeremy Fowler | No. 24-2-11958-2  SEA |
| VS | **ORDER SETTING CIVIL CASE SCHEDULE** |
| Pacific Maritime Association | **ASSIGNED JUDGE: Nicholas B Straley, Dept. 04**<br>FILED DATE: 05/29/2024<br>TRIAL DATE:06/02/2025 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I.  NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the **Summons and Complaint/Petition.**  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion.  The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this **Schedule**. In order to comply with the **Schedule**, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 05/29/2024 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*].  **$250 arbitration fee must be paid** | 11/06/2024 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 11/06/2024 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 11/20/2024 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 12/30/2024 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 02/10/2025 |
|  | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 02/24/2025 |
|  | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 02/24/2025 |
|  | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 04/14/2025 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 05/05/2025 |
|  | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 05/12/2025 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 05/12/2025 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 05/19/2025 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 05/27/2025 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 05/27/2025 |
|  | Trial Date [*See KCLCR 40*]. | 06/02/2025 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.


DATED:     05/29/2024

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**  Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.

Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE

The Honorable Nicholas B. Straley

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JEREMY FOWLER, individually and on behalf of others similarly situated,<br><br>             Plaintiffs,<br><br>     v.<br><br>PACIFIC MARITIME ASSOCIATION, and SSA MARINE, INC., individually and on behalf of others similarly situated,<br><br>             Defendants. | Case No. 24-2-11958-2 SEA<br><br>NOTICE OF APPEARANCE |

TO: CLERK OF THE COURT

AND:  ALL PARTIES AND THEIR COUNSEL OF RECORD

       PLEASE TAKE NOTICE that Andrew Escobar and Joe Wonderly of Seyfarth Shaw LLP hereby appear in the above-captioned action as counsel of record for Defendants Pacific Maritime Association and SSA Marine, Inc. ("Defendants").  Defendants do not waive any objections as to lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of service of process, insufficiency of process, failure to state a claim upon which can be granted, or any other claim or defense, by this appearance of its attorney.

NOTICE OF APPEARANCE - 1

1        Service of all further pleadings, notices, documents or other papers in this matter, exclusive

2   of original process, may be had upon said Defendants by serving the undersigned attorneys of

3   record at the address stated below.

4

5   DATED: June 21, 2024

6                      SEYFARTH SHAW LLP

7

8                  By: */s/ Andrew R. Escobar*
                         Andrew R. Escobar, WSBA No. 42793

9                  By: */s/ Joe Wonderly*

10                      Joe Wonderly, WSBA No. 51925

11                      999 Third Avenue, Suite 4700
                      Seattle, Washington 98104-4041

12                      (206) 946-4910 | Phone
                      Email:  aescobar@seyfarth.com

13                             jwonderly@seyfarth.com

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - 2

1

**CERTIFICATE OF SERVICE**

2      I hereby declare that on June 21, 2024, I caused a copy of ***Defendants' Notice of***

3   ***Appearance of Andrew Escobar and Joe Wonderly*** to be electronically filed with the Court using

4   ECF-Filing system which will send notification of such filing to the following:

5
       Lindsay L. Halm
6      Hong (Chen-Chen) Jiang
       Adam J. Berger
7      Schroeter, Goldmark & Bender
       401 Union Street, Suite 3400
8      Seattle, WA 98101
       halm@sgb-law.com
9      jiang@sgb-law.com
       berger@sgb-law.com
10

11

12

13                                          _/s/ Mendy Graves_____
                                                Legal Secretary

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - 3