The Honorable Tana Lin

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

JEREMY FOWLER, individually and on behalf of others similarly situated,

Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION; SSA TERMINALS, LLC; and SSA CONVENTIONAL, INC., individually and on behalf of other similarly situated;

Defendants.

Case No. 2:24-cv-00974-TL

DEFENDANTS' OBJECTION TO AND REQUEST TO STRIKE THE SUPPLEMENTAL DECLARATION OF LINDSAY L. HALM IN SUPPORT OF CLASS CERTIFICATION (ECF NO. 63) OR, ALTERNATIVELY, REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN RESPONSE

DEFENDANTS' OBJECTION TO
SUPPLEMENTAL DECL.- 1
2:24-CV-00974-TL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**TO THE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants hereby formally object to and request to strike the Supplemental Declaration of Lindsay L. Halm in Support of Class Certification (the "Supplemental Declaration"). *See* ECF No. 63. If the Court is inclined to consider the Supplemental Declaration, Defendants request leave to file a response.

The Supplemental Declaration is procedurally improper. On May 7, 2026, after hearing extensive oral argument, the Court took Plaintiff's Motion for Class Certification (the "Motion") under advisement. *See* ECF No. 59. The Federal Rules of Civil Procedure, the Local Civil Rules, and the Court's Standing Order do not permit a party to submit evidence in support of a motion after the motion has been fully briefed, heard, and taken under advisement. And Plaintiff did not seek or receive leave to file such evidence.

Local Civil Rule 7(g) permits the party opposing a motion to request to strike material contained in or attached to a reply brief. While Plaintiff filed the Supplemental Declaration long after his reply brief, the same fairness considerations animating Rule 7(g) favor striking the late-filed Supplemental Declaration. *See also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (alteration in original); *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2022 WL 3018239, at *2 (W.D. Wash. July 29, 2022) ("[W]hen new evidence or issues are raised on reply, courts have discretion to either strike the reply declarations and portions of the reply brief that present new material or consider the new material after affording the nonmoving party an opportunity to respond.").

The Supplemental Declaration also prejudices Defendants. Unless the Court grants leave, Defendants have no way to respond to its claims. The declaration, signed by Plaintiff's attorney, attaches a wage statement that Plaintiff purportedly received after oral argument showing that Plaintiff worked for a company, Metro Cruise Services, LLC, for the first time ever during the

DEFENDANTS' OBJECTION TO
SUPPLEMENTAL DECL.- 2
2:24-CV-00974-TL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

limitations period on May 7, 2026, the day of the hearing on Plaintiff's Motion. The declaration also claims that this company was "not disclosed by Defendant PMA in discovery" but was "listed as a PMA Member in PMA's annual report." It provides no evidence that Metro Cruise Services, LLC, was operating in Washington at the time of Defendants' discovery responses or class certification opposition. Defendants should be afforded the opportunity to provide evidence correcting Plaintiff's mischaracterization of the record.

Briefing on the Motion is now closed, and the motion has been taken under advisement. Unless the Court grants Defendants leave to respond to the Supplemental Declaration, Defendants have no procedurally proper means to address the new assertions raised in it or their purported bearing on Plaintiff's Motion. Considering the Supplemental Declaration without affording Defendants an opportunity to respond would prejudice Defendants and would permit Plaintiff to expand the record after submission without the adversarial testing required for a fair ruling.

For these reasons, Defendants respectfully object to Plaintiff's Supplemental Declaration and request that the Court strike it and not consider it in ruling on the Motion.

Alternatively, if the Court is inclined to consider the Supplemental Declaration, Defendants respectfully request leave to file a supplemental response, limited to five pages, within five court days of the Court granting such leave.

Respectfully submitted this June 5, 2026.

DEFENDANTS' OBJECTION TO
SUPPLEMENTAL DECL.- 3
2:24-CV-00974-TL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

SEYFARTH SHAW LLP


By: /s/ Taylor D. Horn
Jesse L. Miller, *Pro Hac Vice**
Taylor D. Horn, *Pro Hac Vice*
560 Mission Street, Suite 3100
San Francisco, California 94105
Email: jmiller@seyfarth.com
       thorn@seyfarth.com

Kyle D. Nelson, WSBA No. 49981
999 Third Avenue, Suite 4700
Seattle, Washington 98104
Email: knelson@seyfarth.com

*Attorneys for Defendants Pacific Maritime Association, SSA Terminals, LLC, and SSA Conventional, Inc.*

DEFENDANTS' OBJECTION TO
SUPPLEMENTAL DECL.- 4
2:24-CV-00974-TL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910