The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY FOWLER, individually and on behalf of others similarly situated,

Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION; SSA TERMINALS, LLC; and SSA CONVENTIONAL, INC., individually and on behalf of others similarly situated,

Defendants.

No.  2:24-cv-00974-TL

REPLY RE: SUPPLEMENTAL HALM DECLARATION

REPLY RE SUPP HALM DECL.
(Case No. 2:24-cv-00974-TL)

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

**A.     The Substance of Plaintiff's Supplemental Evidence is Not Disputed.**

The substance of Plaintiff's supplement evidence is not disputed: Defendants admit that Metro Cruise Services, LLC is a PMA Member that employs Dockworkers in Washington—apparently since February 9, 2026. Rettig Decl. ¶3. Defendants also admit it did not disclose Metro Cruise in discovery; rather, this PMA Member became known when Mr. Fowler happened to be dispatched there on May 7, just as the industry organizes itself to do. *See* Dkt. #48 at 10 ("Dockworkers work interchangeably for PMA members").

Plaintiff supplements the record with this new evidence because it is plainly relevant to the Rule 23 criteria. As to numerosity, the addition of Metro Cruise takes the Defendant Class to 23 (including PMA).[1] As to superiority, the new evidence reveals the practical challenge of requiring individual joinder of all the various PMA entities. That is, in the absence of a bilateral class action, Dockworkers like Mr. Fowler will be forced to perfect their statutory claim, job to job, day to day, filing amended pleadings each time they are dispatched to a new jobsite—despite having identical terms and conditions of employment (and no sick leave pay) no matter which company they work for.

**B.     Defendants' Response Highlights Discovery Violations and Repeats Old Arguments.**

While conceding the *substance* of the new evidence, Defendants take great pains to explain away the underlying discovery violation. To be clear, Plaintiff's counsel did not seek any term or sanction in her one-paragraph declaration and defers to the Court's sound discretion on

---

[1] The latest count is, of course, based on information known to Plaintiff as of this filing, without the benefit of class-wide payroll data. *See* Dkt. #47-1 at 16, n.9 (noting that, without access to other Dockworkers' pay records, Plaintiff's counsel cannot cross-check PMA's representations on numerosity, as she did with Mr. Fowler's records, which yielded two additional entities).

REPLY RE SUPP HALM DECL.
(Case No. 2:24-cv-00974-TL)

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

what, if any, action is warranted. Defendants failure to disclose Metro Cruise since February is, frankly, concerning. But it is also not the first time Plaintiff's counsel has identified problems with Defendants' discovery responses that have yet to be answered. *See* Dkt. #42 (Halm Decl., ¶9) (identifying two PMA entities missing from Defendants' interrogatory answer). Indeed, Plaintiff produced the Metro Cruise paystub (*created by PMA*) before filing it with the Court, but no supplemental discovery response has been tendered, even now. The fact the information was not disclosed is not "innuendo," it is just a fact, undisputed by Defendants, and it explains why Plaintiff's supplementation is necessary.

As for Defendants' recycled arguments against certification, Plaintiff takes each in turn:

*First*, Defendants argue the new paystub shows that Mr. Fowler can identify each "waterfront entity" that employs him with ease, thus negating the need to certify a Defendant Class. Defendants have already made this joinder argument before and it is not supported by the new evidence anyway. Two of the employers listed, including Metro Cruise, boast California addresses, betraying the suggestion that Dockworkers can simply look to their paystubs to identify the corporate employers here in Washington. Meanwhile, Plaintiff has already supplied evidence of the "very confusing" corporate structures of these entities, the difficulty pinning them down, Mr. Fowler's testimony on the issue, and the significant judicial economy concerns that make a Defendant Class superior to thousands of identical individual actions. *See* Dkt. # 47-1 at 16-17; Dkt. #53 at 10-11.

*Second*, Defendants repeat numerosity arguments (including speculative opt-out rates), which has already been briefed, discussed at oral argument, and for which the Court has not invited additional argument.

REPLY RE SUPP HALM DECL.
(Case No. 2:24-cv-00974-TL)

*Third*, Defendants argue that the new evidence reveals some kind of individual inquiry on liability because Mr. Fowler's paystub shows eight hours of pay for Metro Cruise, when, according to Defendants, he could not have worked eight hours that day. This is not a remotely individual inquiry and it does not bear on liability.

To state the obvious, Mr. Fowler's newest paystub shows he continues to accrue *zero* sick leave hours, regardless of how much he works in a day or a week. Liability can be answered as a yes-no proposition, just as it can for all the other Dockworkers. Meanwhile, that Metro Cruise contracted to pay Mr. Fowler eight hours on May 7 stems from a common practice, enshrined in CBAs that apply to *every last PMA Member and every last Dockworker*. *See* Dkt. #48 at 30 (Defendants: describing the "eight-hour shift guarantee"). The same is true of the 9.27 hours of pay guarantee on Mr. Fowler's paystub. *Id.* at 15 (describing the "Pay Guarantee Plans"). At best, Defendants' argument about whether eight hours on a paystub is really eight hours is a damages question—i.e., it goes to the *extent* of sick pay Dockworkers should have accrued but did not. Likewise, the "pay guarantee" hours are separately denoted; thus, to the extent they are not "hours worked" for purposes of calculating sick leave accruals, they can be segregated.

At bottom, the fields in Mr. Fowler's paystubs are not "worker specific," individualized issues, they are a product of common pay and benefit programs, reflected in centralized pay records, that can be queried or isolated when it comes time to adopt a class-wide damages model.

///

///

REPLY RE SUPP HALM DECL.
(Case No. 2:24-cv-00974-TL)

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

EXECUTED at Seattle, Washington, this 15th day of June, 2026.

SCHROETER, GOLDMARK & BENDER

*s/ Lindsay L. Halm*
LINDSAY L. HALM, WSBA #37141
401 Union Street, Suite 3400
Seattle, WA 98101
Tel: 206.622.8000
halm@sgb-law.com

REPLY RE SUPP HALM DECL.
(Case No. 2:24-cv-00974-TL)

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305